UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

PETER DIPISA, JR., }
ON BEHALF OF HIMSELF AND }
ALL OTHERS SIMILIARLY SITUATED, }
}
       Plaintiff, }   Civil Action, File No.
v }   2:17-cv-03029-LDW-ARL
}
ADVANCED CALL CENTER TECHNOLOGIES, LLC, }
}
       Defendant. }

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Peter DiPisa, Jr. [hereinafter "DiPisa"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Advanced Call Center Technologies, LLC [hereinafter "ACCT"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on ACCT' regular transaction of business within this district.  Venue in this district also is proper based on ACCT possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  ACCT also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. DiPisa is a natural person who resides at 134 Terrace Avenue, West Babylon, NY 11704.

6. DiPisa is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about December 24, 2015, ACCT sent DiPisa the letter annexed as Exhibit A. DiPisa received and read Exhibit A. For the reasons set forth below, DiPisa's receipt and reading of Exhibit A deprived DiPisa of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, ACCT sent Exhibit A to DiPisa in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued an Old Navy Visa credit card account by Synchrony Bank for his individual use, individually incurring charges by using the credit card account, and then, as an individual, failing to pay for these charges. An Old Navy Visa credit card account is an account issued to consumers for use at Old Navy and other retail stores and Old Navy and the other retail stores sell goods used primarily by consumers primarily for personal, family or household purposes. ACCT, via Exhibit A, attempted to collect this past due debt from DiPisa in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. ACCT is a Georgia Domestic Limited Liability Company and a New York Foreign Limited

Liability Company located in Tennessee.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. ACCT possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon ACCT possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of ACCT is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, ACCT sets forth that it is a debt collection agency attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, ACCT is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

**FIRST CAUSE OF ACTION-CLASS CLAIM**

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A set forth an "Account Balance" of $2,644.00 and an "Amount Currently Due" of $100.00.

17. Any "Account Balance" or "Amount Currently Due" resulted from an agreement between

DiPisa and Synchrony Bank; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

18. Based on the statement in Exhibit A that "Synchrony Bank may continue to add interest and fees as provided in your agreement" and pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to Synchrony Bank on any "Account Balance" or "Amount Currently Due" due but unpaid to Synchrony Bank.

19. Based on the statement in Exhibit A that "Synchrony Bank may continue to add interest and fees as provided in your agreement" and pursuant to the aforementioned agreement, Synchrony Bank and any assignee or successor-in-interest had a legal right at any time to collect from DiPisa the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to Synchrony Bank on any "Account Balance" or "Amount Currently Due" due but unpaid to Synchrony Bank and any assignee or successor-in-interest.

20. As evidenced by the statement in Exhibit A that "Synchrony Bank may continue to add interest and fees as provided in your agreement", the aforementioned right to collect from DiPisa the aforementioned accrued interest, late charges, and/or other charges in addition to any "Account Balance" or "Amount Currently Due" is not waived by Synchrony Bank or any assignee or successor-in-interest as a result of a failure by either Synchrony Bank and any assignee or successor-in-interest at any point in time to attempt to collect from DiPisa the aforementioned accrued interest, late charges, and/or other charges in addition to any "Account Balance" or "Amount Currently Due".

21. On the date of Exhibit A, neither ACCT nor Synchrony Bank may have had any intention of seeking from DiPisa the aforementioned accrued interest, late charges, and/or other charges in addition to any "Account Balance" or "Amount Currently Due". However, at any time after the date of Exhibit A, Synchrony Bank had the right to instruct ACCT to seek from DiPisa the aforementioned accrued interest, late charges, and/or other charges in addition to any "Account Balance" or "Amount Currently Due". In the alternative, at any time after the date of Exhibit A, Synchrony Bank had the right to recall DiPisa's account from ACCT. If such a recall occurred, ACCT would not know whether or not Synchrony Bank would exercise its aforementioned right to seek from DiPisa the aforementioned accrued interest, late charges, and/or other charges in addition to any "Account Balance" or "Amount Currently Due". Also, if such a recall occurred, ACCT would not know whether or not Synchrony Bank would sell DiPisa's debt to a party who then would exercise the aforementioned right to seek from DiPisa the aforementioned accrued interest, late charges, and/or other charges in addition to any "Account Balance" or "Amount Currently Due".

22. For the above reasons, at any time after the date of Exhibit A, the "Account Balance" or "Amount Currently Due" from DiPisa and/or the "Account Balance" or "Amount Currently Due" sought from DiPisa may have increased due to the aforementioned accrued interest, late charges, and/or other charges. However and although Exhibit A set forth that "Synchrony Bank may continue to add interest and fees as provided in your agreement", Exhibit A did not explain clearly whether interest, or new fees or costs actually are accruing; and Exhibit A did not set forth what DiPisa would need to pay to resolve the debt at any given moment in the future, and did not set forth a clear, accurate,

and definitive explanation of any actual fees and interest that would cause the "Account Balance" of $2,644.00 or "Amount Currently Due" of $100.00 to increase.

23. For the above reasons, Exhibit A did not set forth the amount of the "debt". <u>Carlin v. Davidson Fink LLP</u> No. 15-3105-cv (2nd Cir., 2017); and <u>DiPisa v. Alliance One Receivables Mgmt., Inc.</u> 16-cv-5624(ADS)(AKT) (E.D.N.Y., 2017).

24. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692g(a)(1) by sending Exhibit A to DiPisa.

## SECOND CAUSE OF ACTION-CLASS CLAIM

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

26. Exhibit A set forth an "Account Balance" of $2,644.00 and an "Amount Currently Due" of $100.00.

27. Any "Account Balance" or "Amount Currently Due" resulted from an agreement between DiPisa and Synchrony Bank; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

28. Based on the statement in Exhibit A that "Synchrony Bank may continue to add interest and fees as provided in your agreement" and pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to Synchrony Bank on any "Account Balance" or "Amount Currently Due" due but unpaid to Synchrony Bank

29. Based on the statement in Exhibit A that "Synchrony Bank may continue to add interest and fees as provided in your agreement" and pursuant to the aforementioned agreement, Synchrony Bank and any assignee or successor-in-interest had a legal right at any time to

collect from DiPisa the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to Synchrony Bank on any "Account Balance" or "Amount Currently Due" due but unpaid to Synchrony Bank and any assignee or successor-in-interest.

30. As evidenced by the statement in Exhibit A that "Synchrony Bank may continue to add interest and fees as provided in your agreement", the aforementioned right to collect from DiPisa the aforementioned accrued interest, late charges, and/or other charges in addition to any "Account Balance" or "Amount Currently Due" is not waived by Synchrony Bank or any assignee or successor-in-interest as a result of a failure by either Synchrony Bank and any assignee or successor-in-interest at any point in time to attempt to collect from DiPisa the aforementioned accrued interest, late charges, and/or other charges in addition to any "Account Balance" or "Amount Currently Due".

31. On the date of Exhibit A, neither ACCT nor Synchrony Bank may have had any intention of seeking from DiPisa the aforementioned accrued interest, late charges, and/or other charges in addition to any "Account Balance" or "Amount Currently Due".  However, at any time after the date of Exhibit A, Synchrony Bank had the right to instruct ACCT to seek from DiPisa the aforementioned accrued interest, late charges, and/or other charges in addition to any "Account Balance" or "Amount Currently Due".  In the alternative, at any time after the date of Exhibit A, Synchrony Bank had the right to recall DiPisa's account from ACCT.  If such a recall occurred, ACCT would not know whether or not Synchrony Bank would exercise its aforementioned right to seek from DiPisa the aforementioned accrued interest, late charges, and/or other charges in addition to any "Account Balance" or "Amount Currently Due".  Also, if such a recall occurred, ACCT

would not know whether or not Synchrony Bank would sell DiPisa's debt to a party who then would exercise the aforementioned right to seek from DiPisa the aforementioned accrued interest, late charges, and/or other charges in addition to any "Account Balance" or "Amount Currently Due".

32. For the above reasons, at any time after the date of Exhibit A, the "Account Balance" or "Amount Currently Due" from DiPisa and/or the "Account Balance" or "Amount Currently Due" sought from DiPisa may have increased due to the aforementioned accrued interest, late charges, and/or other charges.  However and although Exhibit A set forth that "Synchrony Bank may continue to add interest and fees as provided in your agreement", Exhibit A failed to clearly or adequately notify DiPisa that her "Account Balance" or "Amount Currently Due" actually may be greater on the date of receipt of any payment from DiPisa, that an adjustment may be necessary after the receipt of any payment from DiPisa, and that if any adjustment is needed then DiPisa will be informed of same before her payment is processed.

33. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692e and 15 USC § 1692g(a)(1) by sending Exhibit A to DiPisa.

### THIRD CAUSE OF ACTION-CLASS CLAIM

34. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

35. Exhibit A sets forth an "Account Balance" of $2,644.00 and an "Amount Currently Due" of $100.00.

36. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

37. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)". Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

38. DiPisa owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

39. NY CPLR 5001(b) provides as follows:

    "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

40. Based on the debt being undisputed and the nature of the debt and the date of default, as regards the past due debt set forth in Exhibit A, Synchrony Bank had a guaranteed right to NY CPLR 5001 interest on the "Account Balance" of $2,644.00 or "Amount Currently Due" of $100.00 from the date of Exhibit A or an earlier date. NY CPLR 5001 (a) and (b), Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

41. Based on the above, the "Account Balance" of $2,644.00 or "Amount Currently Due" of $100.00 set forth in Exhibit A was not static. Instead, NY CPLR 5001 interest was in fact accruing and owed on the "Account Balance" of $2,644.00 or "Amount Currently Due" of $100.00 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit

A.

42. Based on the above, at any time after the date of Exhibit A, Synchrony Bank had the right to recall DiPisa's account from ACCT; and subsequently, Synchrony Bank could seek the aforementioned NY CPLR 5001 interest that was accumulating after Exhibit A was sent but before the "Account Balance" of $2,644.00 or "Amount Currently Due" of $100.00 set forth in Exhibit A was paid.

43. In the alternative, at any time after the date of Exhibit A, Synchrony Bank had the right to recall DiPisa's account from ACCT; and subsequently, Synchrony Bank could have sold DiPisa's debt to a third party and based on the above such third party could seek the NY CPLR 5001 interest that accumulated after Exhibit A was sent but before the "Account Balance" of $2,644.00 or "Amount Currently Due" of $100.00 set forth in Exhibit A was paid.

44. For the above reasons, at any time after the date of Exhibit A, the "Account Balance" or "Amount Currently Due" from DiPisa and/or the "Account Balance" or "Amount Currently Due" sought from DiPisa may have increased due to the aforementioned accrued NY CPLR 5001 interest.

45. Based on the above, since Exhibit A does not set forth that the "Account Balance" of $2,644.00 or "Amount Currently Due" of $100.00 may increase due to NY CPLR 5001 interest, Defendant violated 15 USC § 1692e and 15 USC § 1692g(a)(1) by sending Exhibit A to DiPisa.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

46. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

47. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

48. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

49. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

50. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

51. The classes consist of:

    I.   (a) all natural persons (b) who received a letter from ACCT dated between December 24, 2015 and the present to collect a past due debt, (c) in a form materially identical or substantially similar to Exhibit A; and/or

    II.  (a) all natural persons (b) who received a letter from ACCT dated between December 24, 2015 and the present to collect a past due debt, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt

52. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

53. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

54. The predominant common question is whether Defendant's letters violate the FDCPA.

55. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

56. A class action is the superior means of adjudicating this dispute.

57. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against ACCT in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:        August 16, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709